IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARCUS SEWELL, JR. and
AMBER SEWELL,

                      Plaintiffs,

    v.                                                      OPINION and ORDER

WILDERNESS DEVELOPMENT CORPORATION         24-cv-107-jdp
A/KA WILDERNESS AT THE SMOKIES
A/K/A "SOAKY MOUNTAIN",

                      Defendant.

---

      This case arises from injuries that plaintiff Marcus Sewell sustained in Tennessee at Soaky Mountain Waterpark, which is operated by defendant Wilderness Development Corporation. Sewell alleges that an employee at Soaky Mountain negligently allowed him to go down a water slide and collide with another patron, which caused Sewell serious injuries. Sewell and his wife bring negligence claims against Wilderness based on both direct and vicarious liability as well as claims under Wisconsin's Safe Place Statute.

      The Sewells filed their case here in the Western District of Wisconsin. Venue here is proper under 28 U.S.C. § 1391(b)(1), because Wilderness is incorporated in Wisconsin and its registration with the state says that its principal office is in the Western District. But venue would also be proper in the Eastern District of Tennessee, where the relevant events occurred. Wilderness has moved to transfer the case to the Eastern District of Tennessee, asserting that both convenience to parties and witnesses and the interests of justice favor litigating the case in the state where Wilderness operates its business and Sewell suffered his injuries. The court agrees and will transfer this case to the Eastern District of Tennessee.

ANALYSIS

The federal change of venue statute, 28 U.S.C. § 1404(a), provides that a district court may transfer a civil action to another district court where the case could have been brought if transfer suits the convenience of the parties and witnesses and serves interest of justice. Both the Western District of Wisconsin and the Eastern District of Tennessee would be proper venues. Section 1404(a) permits a "flexible and individualized analysis" that is not confined by a narrow or required set of considerations. *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010). The burden is on Wilderness to show, by reference to specific circumstances, that the transferee forum is clearly more convenient. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219–20 (7th Cir. 1986).

A. **Convenience of the parties and witnesses**

In assessing the relative convenience of two venues, the court looks at each party's access to and distance from each forum, the location of material events, the availability and access to witnesses, and relative ease of access to sources of proof. *Research Automation,* 626 F.3d at 978. The general rule is that a plaintiff's choice to file in her home forum is entitled to deference. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255–56 (1981). But that deference is reduced when the material events did not occur in the plaintiff's chosen forum. *R.T.B. by & through Breault v. United States,* No. 19-cv-276-jdp, 2019 WL 6492826, at *1 (W.D. Wis. Dec. 3, 2019) (collecting cases).

Here, the Eastern District of Tennessee is where Wilderness operates Soaky Mountain, where Sewell's injury occurred, and where the individuals who Wilderness has identified as witnesses in this case reside. Wilderness supports its motion with a declaration from its general manager that says all of its operations and employees are in Tennessee, even though Wilderness

2

Case 3:24-cv-00406-TAV-JEM   Document 18   Filed 10/07/24   Page 2 of 5   PageID #: 118

is incorporated in Wisconsin. Dkt. 9. So Tennessee is a convenient venue for Wilderness, and it is a more convenient venue for the witnesses who can testify both about Sewell's injury and about Wilderness's training and supervision of the employees at Soaky Mountain.

The Sewells do not dispute that physical evidence and many of the witnesses are in Tennessee, but they contend that their choice of forum should be given deference because they allege "that significant negligent conduct related to their claims for negligent hiring, retention, training, and supervision is traceable to the Defendant's corporate headquarters in Wisconsin Dells, Wisconsin." Dkt. 11, at 1. The Sewells contend that corporate policies related to training, supervision, and maintenance would likely be in Wisconsin because that is the location that Wilderness listed as its principal office when registering with the state of Wisconsin. Dkt. 11-1. The Sewells also contends that the scope of discovery that needs to be taken in Tennessee is limited because Wilderness has admitted that the employee who told Sewell he could go down the slide was negligent, which means the discovery will focus on Wilderness's policies related to training and supervision. But even if the Sewells were correct that there are unidentified witnesses in Wisconsin with knowledge of Wilderness's policies, the witnesses that Wilderness identified in Tennessee are the ones that can testify about the actual supervision and training that occurred at Soaky Mountain.

The Sewells also contend that Tennessee is not clearly more convenient because the Sewells, their counsel, and the medical providers who have treated or examined Sewell are all located in Georgia, a three and a half to four hour drive from the Eastern District of Tennessee courthouse in Knoxville. But the distance from Georgia to Wisconsin is unquestionably much greater than the distance from Georgia to Tennessee. The fact that the Eastern District of Tennessee may not be the closest venue to the Sewells does not mean that it is a less convenient

3

venue in comparison to the Western District of Wisconsin, which is much farther from Georgia than Tennessee.

In sum, the court affords some consideration to the Sewells' choice of forum. But their claims are much more deeply connected to Tennessee than to Wisconsin, and it would be significantly more convenient to litigate the case in Tennessee because that is where most of the witnesses and evidence are located.

**B. Interest of justice**

In the transfer analysis, the interests of justice concern "the efficient administration of the court system." *Research Automation, Inc.*, 626 F.3d at 978. Courts typically consider docket congestion and speed to trial in each forum, each court's familiarity with the relevant law, the desirability of resolving the controversy in each locale, and the relationship of each community to the controversy. *Id.*

Here, docket congestion and speed to trial do not tip significantly either way. On average, the Eastern District of Tennessee tends to get civil cases to trial faster, but the average time from filing to disposition is almost three months shorter in this court. The Eastern District of Tennessee also has approximately 200 fewer cases pending per judgeship.

The parties dispute what substantive law would govern this case. There is a conflict between relevant damages caps under Wisconsin and Tennessee law, and Wisconsin choice of law rules look to the state with the most significant relationship to the parties and the dispute to decide which law to apply. The Sewells contend that it is possible that Wisconsin law would apply because Wilderness's corporate headquarters are in Wisconsin. But as discussed above, the injury at issue in this case occurred in Tennessee and Wilderness operates its business in Tennessee. It seems likely that under Wisconsin choice of law rules Tennessee substantive law

4

would apply, in which case the Eastern District of Tennessee's familiarity with Tennessee law would somewhat favor transfer. But federal courts commonly apply the law of various states, so that's not much of a consideration.

As for the relationship between the local community and the controversy, Tennessee has an interest in resolving a personal injury lawsuit about an injury that occurred at a resort in that state. Wisconsin's connection to this case is limited to Wilderness's incorporation in the state. The Wisconsin community has an interest in deciding cases involving the alleged negligence of Wisconsin corporations, but that interest is not as strong as Tennessee's interest in the safe operation of a waterpark in its state. This factor, too, tips toward Tennessee, although this is a private dispute that does not involve major public interest considerations.

Both the interests of justice and the convenience factors favor transfer.

ORDER

IT IS ORDERED that defendant Wilderness Development Corporation's motion to transfer, Dkt. 7, is GRANTED. This case is transferred to the United States District Court for the Eastern District of Tennessee under 28 U.S.C. § 1404(a).

Entered October 7, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge